UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HERMAN MILLER, INC.,
a Michigan Corporation,

       Plaintiff,

                                        File No.  1:04-CV-781

v.

                                        HON. ROBERT HOLMES BELL

A. STUDIO s.r.l.,
an Italian Limited Liability Company,

       Defendant.
                                                  /

## **O P I N I O N**

This matter is before the Court on Defendant A. Studio, s.r.l.'s ("Studio") motion to amend and certify an interlocutory appeal and to stay proceedings pending resolution of the interlocutory appeal. In the Court's Opinion and Order dated May 9, 2006, it denied Studio's motion for summary judgment on the fair use defense, holding that Studio failed to establish one of the prerequisites of the defense, namely, that it used Herman Miller's trade dress, a lounge chair, in a descriptive manner to describe Studio's own product.[1]  May 9, 2006 Opinion at 11-13 (Docket #195). Studio seeks certification of an interlocutory appeal of that decision. Studio requests that the Court certify the following issue for interlocutory appeal

---

[1] For purposes of the motion for summary judgment, Studio did not dispute that Herman Miller had valid trade dress rights in the lounge chair. May 9, 2006 Opinion at 11; Studio Br. Mot. Summ. J. at 3 (Docket #31).

to the Sixth Circuit: "Whether fair use is a valid defense to product configuration trademark claims wherein a defendants 'use' in commerce is a non-trademark use that replicates a plaintiff's entire trademark."  Studio's Mot. to Amend at 2 (Docket #198).

Under 28 U.S.C. § 1292(b), "[w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order."  Interlocutory appeals are an exception to the general policy against piecemeal appellate review.  *See* 28 U.S.C. § 1291.  In order to obtain permission to pursue an interlocutory appeal, Studio must show that: 1) the order involves a controlling question of law, 2) there is substantial ground for difference of opinion respecting the correctness of the district court's decision, and 3) immediate appeal would materially advance the ultimate termination of the litigation.  *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002); *Kearney v. Jandernoa*, 979 F. Supp. 1156, 1158 (W.D. Mich. 1997) (Quist, J.).  "Review under § 1292(b) should be sparingly granted and then only in exceptional cases."  *Vitols v. Citizens Banking Co.*, 984 F.2d 168, 170 (6th Cir. 1993) (citing *Kraus v. Bd. of County Rd. Comm'rs*, 364 F.2d 919, 922 (6th Cir. 1966)); *see also Cardwell v. Chesapeake & Ohio Ry. Co.*, 504 F.2d 444, 446 (6th Cir. 1974) (discussing Congress' intent in enacting § 1292(b) and concluding, "[i]t is to be used only in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation

and is not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation.") (quoting *Milbert v. Bison Labs.*, 260 F.2d 431, 433 (3rd Cir. 1958)).

This is not such an exceptional case as to warrant an immediate appeal. First, the Court is not convinced that the order denying summary judgment on fair use involved a controlling question of law. "A legal issue is controlling if it could materially affect the outcome of the case." *In re City of Memphis*, 293 F.3d at 351. While fair use is a complete defense to liability under the Lanham Act, *see e.g.*, *Cosmetically Sealed Indus., Inc. v. Chesebrough-Pond's USA Co.*, 125 F.3d 28, 30 (2d Cir. 1997), and if applicable, would remove Herman Miller's trade dress infringement claim from this case, a significant portion of the lawsuit would still remain. The trade dress infringement claim is one of six claims alleged in Herman Miller's complaint. In addition to the trade dress infringement claim, Herman Miller has also asserted infringement and dilution claims stemming from Studio's use of the name and likeness of Charles Eames, as well as state law claims of unfair competition, right of publicity, and false endorsement. The fair use defense only applies to Herman Miller's trade dress infringement claim. Consequently, even if this claim was removed, the majority of this lawsuit would remain.

Studio also contends that removal of the trade dress claim would significantly reduce the evidence required at trial. In support, Studio alleges that six of seven expert witnesses and a "vast majority" of the fact witnesses designated by Herman Miller would be removed

3

from the case. In response, Herman Miller has provided a declaration of its counsel in this matter, Douglas Siegel, indicating that the testimony of three expert witnesses that Studio claims to be unnecessary is not limited to trade dress issues. Siegel Decl. ¶ 2. Moreover, a review of Herman Miller's Rule 26(a)(1) Initial Disclosures indicates that none of the fact witnesses were designated to testify solely on trade dress infringement issues. This undermines Studio's allegation that a vast majority of Herman Miller's fact witnesses will be unnecessary if the trade dress infringement claim is removed. Moreover, it is further indication that pursuit of an immediate appeal of the fair use issue would not prevent protracted litigation and would not materially affect the outcome of the entire case. For all of these reasons, the Court concludes that the May 9, 2006 Opinion and Order did not involve a controlling question of law.

Studio also contends that there is a substantial ground for difference of opinion on the issue it seeks to appeal. It argues that this issue is novel and is not substantially guided by previous precedent. *See Eagan v. CSX Transp., Inc.*, 294 F. Supp. 2d 911, 916 (E.D. Mich. 2003). The only thing novel about this case is Studio's position on the fair use defense. Essentially, Studio argues that, in order to avail itself of the fair use defense, it is not required to show that it is using Herman Miller's trademark descriptively. Studio goes so far as to say that the Court "incorrectly placed the burden" on Studio to demonstrate how its use of Herman Miller's trademark described it's own product. This, however, is exactly what Congress required be shown in order for the fair use defense to apply. Section 33(b)(4) of

4

the Lanham Act permits a party in an infringement case to defend on the ground that its use of "the name, term, or device charged to be an infringement is a use, otherwise than as a mark, . . . of a term or device which is *descriptive of* and used fairly and in good faith *only to describe the goods or services of such party, or their geographic origin*." 15 U.S.C. § 1115(b)(4) (emphasis added). Numerous courts applying § 1115(b)(4) have required that defendants show they are using a protected trademark in its primary or descriptive sense. *See e.g.*, *ETW Corp. v. Jireh Pub., Inc.*, 332 F.3d 915, 920 (6th Cir. 2003); *Herman Miller, Inc. v. Palazzetti Imports and Exports, Inc.*, 270 F.3d 298, 319 (6th Cir. 2001) ("Under the doctrine of 'fair use,' the holder of a trademark *cannot* prevent others from using the word that forms the trademark in its *primary* or *descriptive* sense.") (emphasis in original); *Car-Freshner Corp. v. S.C. Johnson & Son, Inc.*, 70 F.3d 267, 270 (2d Cir. 1995) ("[F]air use permits others to use a protected mark to describe aspects of their own goods, provided the use is in good faith and not as a mark."). *See also* J. THOMAS MCCARTHY, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 11:45 (4th ed. 2004) ("[F]air use analysis is appropriate where a defendant has used the plaintiff's mark only to describe his own product, and not at all to describe the plaintiff's product."); RESTATEMENT (THIRD) OF UNFAIR COMPETITION § 28 cmt. a ("Reasonable use of a descriptive term by another solely to describe the nature or characteristics of its own goods or services will not subject the use to liability for infringement."). Studio's position in this case and the issue it seeks to appeal focus exclusively on the "otherwise than as a mark" and good faith language of § 33(b)(4)

5

and attempt to read the descriptive element out of the fair use defense. Studio has not offered any authority to support this novel position.

Studio appears to rely on two Supreme Court cases, *Wal-Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205 (2000), and *KP Permanent Make-Up v. Lasting Impression I, Inc.*, 543 U.S. 111 (2004). Neither case supports Studio's position. *Wal-Mart Stores, Inc.*, stands for the proposition that in an action for infringement of unregistered trade dress, a product's design is distinctive, and therefore protectable, only upon a showing of secondary meaning. 529 U.S. at 216. *KP Permanent Make-Up*, on the other hand, held that, in order to claim the defense of fair use, it is not necessary for a defendant to negate confusion. 543 U.S. at 118. Additionally, the Court held that "some possibility of consumer confusion" is compatible with fair use and does not preclude application of the defense. *Id.* at 121-22. These cases do not address any of the material issues addressed in the Court's May 9, 2006 Opinion and Order and do not provide any support for Studio's claim that there are substantial grounds for a difference of opinion. Furthermore, Studio's claim that there are no cases addressing its proposed issue does not support a finding of a substantial ground for difference of opinion. *See White v. Nix*, 43 F.3d 374, 378 (8th Cir. 1994) ("[S]ubstantial ground for difference of opinion does not exist merely because there is a dearth of cases."). In fact, in many ways, the absence of authority supporting Studio's novel position, reinforces the conclusion that there are no substantial grounds for difference of opinion on the fair use issue.

Finally, for the reasons stated above addressing whether a controlling legal issue was at stake, even if the Court concluded that there is a substantial difference of opinion, Studio has failed to show that an immediate appeal would materially advance the ultimate termination of the litigation. Accordingly, Studio's motion to amend and certify the Court's order denying summary judgment on the fair use defense is denied. As a result of the disposition of this matter, both Studio's request for a stay of the proceedings and its motion to file a reply brief in support of its motion are denied as moot. An order will be entered consistent with this opinion.

Date:   May 24, 2006              /s/ Robert Holmes Bell
                                                        ROBERT HOLMES BELL
                                                        CHIEF UNITED STATES DISTRICT JUDGE